# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ORIENT OVERSEAS CONTAINER LINE, LTD., <br><br> Plaintiff, <br><br> v. <br><br> BNSF RAILWAY COMPANY and BURLINGTON NORTHERN SANTA FE, LLC, <br><br> Defendants. | Case No. <br><br> Judge <br><br> Magistrate Judge |

## COMPLAINT

Plaintiff Orient Overseas Container Line, Ltd. ("OOCL"), by counsel, for its Complaint against BNSF Railway Company ("BNSF Railway") and Burlington Northern Santa Fe, LLC ("BNSF Corporate") (collectively, "BNSF" or "Defendants"), alleges as follows:

## THE INCIDENT

1. In March 2021, a container holding goods described as "CANON PRODUCTS" (the "Cargo") was pilfered while *en route* from Los Angeles, California to Chicago, Illinois (the "Incident"). At the time of the Incident, the cargo was in BNSF Railway's care and custody pursuant to intermodal bills of lading issued by OOCL and third-party Nippon Express Co., Ltd. ("Nippon Express") for carriage from a port in Tokyo, Japan to Chicago.

2. The ultimate consignee of the Cargo was Canon U.S.A. Inc. ("Canon"). In due course, Canon filed a claim with its cargo underwriter, Sompo Japan Insurance Inc. ("Sompo").

3. In turn, as allegedly subrogated underwriter, Sompo lodged a claim with OOCL for the loss, originally alleged to be in principal amount of $184,414.99 and now alleged to be in an amount up to or exceeding $200,000.00. OOCL duly tendered Sompo's claim on BNSF which claim was denied.

4. On March 28, 2022, Sompo filed an action against OOCL for the alleged loss, in a matter encaptioned *Sompo Japan Insurance Inc. v. Orient Overseas Container Line Limited, trading as Orient Overseas Container Line*, U.S.D.C., S.D.N.Y., 1:22-cv-2502 (LGS/SN)(the "New York Action").

5. OOCL brings this action against BNSF to recover costs and losses incurred as a result of the Incident, as well as amounts owed and owing, if any, to Sompo for the Cargo shipped pursuant to the OOCL bill of lading and allegedly lost or damaged as a result of the Incident.

## PARTIES

6. Plaintiff OOCL was and is a foreign corporation organized and existing under the laws of Hong Kong with its principal place of business located at 31/F, Harbour Centre 25 Harbour Road, Wanchai Hong Kong. OOCL is engaged in business as a common carrier of merchandise by water for hire.

7. Defendant BNSF Railway was and is a corporation organized and existing under the laws of the state of Delaware, with a main office located at 2650 Lou Menk Drive, Fort Worth, Texas, 76131-2830, and is primarily engaged in the freight-rail-transportation business as a common carrier of goods by rail for hire, with an agent for service of process in this District.

8. Defendant BNSF Corporate was and is a corporation organized and existing under the laws of the state of Delaware, with an office located at 2650 Lou Menk Drive, Fort Worth, Texas, 76131-2830, and is primarily engaged in the freight-rail-transportation business as a common carrier of goods by rail for hire.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. § 1332, because this action is between citizens of a state and citizens or subjects of a foreign state and involves an amount in controversy exceeding Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

10. This Court also has jurisdiction over the subject matter of this action because OOCL's claims arise under federal law, and the transportation of the property at issue constitutes transportation in interstate commerce under 49 U.S.C. § 13102(14) and (23), as well as 49 U.S.C. § 13501(1). Thus, this action arises under the Court's federal-question jurisdiction (28 U.S.C. § 1331 and 49 U.S.C. § 14706) and/or supplemental jurisdiction (28 U.S.C. § 1367).

11. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure, since this case is governed, in part, by the Carmack Amendment to the Interstate Commerce Act 49 U.S.C. § 14706 (the "Carmack Amendment") because it concerns goods lost or damaged by a rail carrier during the interstate shipment of goods. Alternatively, this case is also governed, in whole or in part, by the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 *note*, formerly 46 U.S.C. § 1300 *et seq.* ("COGSA").

12. Venue is proper in the United States District Court for the Northern District of Illinois because BNSF's Intermodal Rules and Policies, effective as of July 1, 2008, located at

http://www.bnsf.com/bnsf-resources/pdf/ship-with-bnsf/intermodal/intermodal-r-and-pg.pdf, makes this Court a forum for disputes arising thereunder. Item 28.6 of BNSF's Intermodal Rules and Polices states:

> All loss or damage suits filed against BNSF shall be filed in a United States Federal District Court in the location of the shipment's origination or termination on BNSF.

13. As more fully set forth below, the subject shipment of this action terminated on BNSF in this District.

14. Venue is also proper in this jurisdiction under 28 U.S.C. § 1391 and 49 U.S.C. 11706(d)(2). BNSF operates, controls, leases, or owns a railroad or a route within this District and therefore resides within this District within the meaning of 28 U.S.C. § 1391(c).

## FACTS

15. Container OOCU8278766 (the "Container") holding the Cargo was loaded onto motor vessel NYK VESTA in Tokyo, Japan on March 5, 2021 and was bound for Los Angeles, California. On March 27, 2021, the Container arrived in Los Angeles and, the next day, was delivered into BNSF's care and custody in good order and condition.

16. The Container and the Cargo were shipped pursuant to intermodal bills of lading issued by OOCL and by the non-vessel-operating common carrier, Nippon Express.

17. Pursuant to the intermodal bills of lading, OOCL and Nippon Express undertook to transport (or arrange for transportation of) the Container and the Cargo from Tokyo, Japan to the discharge port in Los Angeles, California, then to a certain place of delivery in the United States (namely, Chicago, Illinois).

18. BNSF accepted the Container and the Cargo, and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, BNSF agreed to transport and carry said Container and the Cargo from Los Angeles to Chicago there to be delivered in like good order and condition.

19. While located at BNSF's facility in Los Angeles, BNSF security personnel reported that the original seal on the Container had been broken and its contents (the Cargo) pilfered.

20. After being pilfered, the Container was resealed in California by BNSF personnel, the Container was transported by BNSF to its facility in Chicago where the Container arrived on or about March 30, 2021.

21. Upon subsequent inspection of the Container and the Cargo at the Nippon Express warehouse in Aurora, Illinois, the missing and damaged items of the Cargo were noted by Canon's representatives.

22. As a result of the Incident, BNSF failed to make delivery of some of the Cargo and/or failed to make delivery of some of the Cargo in like good order and condition.

23. BNSF's failure to deliver the Cargo and/or failure to deliver the Cargo in like good order and condition are violations of the obligations and duties of common carriers of merchandise by rail for hire, including BNSF's failure to perform services with respect to the Container and the Cargo in a careful, workmanlike matter; its failure and/or negligence to properly inspect, supervise, and safeguard the Container and the Cargo; and its failure to hire and train employees.

24. OOCL, as the bill of lading issuer for the Container and the Cargo, has incurred, and will continue to incur, losses as a result of the damage and/or loss to the Cargo.

25. As noted above, as a result of the Incident, Canon's subrogated underwriter, Sompo has asserted the New York Action against OOCL. A copy of Sompo's Complaint in the New York Action is attached hereto as Exhibit A.

26. OOCL brings this action on its own behalf and as an agent, trustee, assignee, or subrogee, on behalf of, and for, the interest of all parties interested in and damaged because of the Incident and damage and/or loss to the Cargo, including but not limited to Sompo, as their respective interests may ultimately appear, and OOCL is duly entitled to maintain this action.

27. OOCL has performed all conditions on its part to be performed.

28. By reason of the foregoing, OOCL has sustained or will sustain damages arising out of loss or damage to the Cargo, which is currently alleged by Sompo to be a sum up to or exceeding $200,000.00.

29. Following notification of the Incident, OOCL filed a claim with BNSF on its own behalf and on behalf (and for the interest) of all parties interested in the Cargo. However, on July 9, 2021, BNSF declined OOCL's claim.

30. BNSF has not paid any portion of this claim to date. Consequently, OOCL is entitled to recover damages from BNSF in an amount to be proven at trial plus interest and costs.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

31. OOCL incorporates paragraphs 1 - 30 as though fully set forth herein.

32. OOCL and BNSF entered into a transportation contract, pursuant to which BNSF agreed to transport and deliver the Container and the Cargo in the same good order and condition in which it received them.

33. Relevant aspects of the transportation contract's terms are set forth in BNSF's Intermodal Rules and Policies, which can be found at http://www.bnsf.com/bnsf-resources/pdf/ship-with-bnsf/intermodal/intermodal-r-and-pg.pdf.

34. Pursuant to the transportation contract, BNSF had a duty to exercise reasonable care when in the possession the Container and to deliver it (and the Cargo) in the same good order and condition as received.

35. BNSF took possession and control of the Container and the Cargo in good order and condition at its terminal in Los Angeles, California.

36. BNSF breached the transportation contract by failing to deliver the Container and Cargo at Chicago in the same good order and condition as received.

37. By reason of the foregoing, OOCL has sustained or will sustain damages arising out of loss or damage to the Cargo in an amount to be proven at trial plus interest and costs.

## SECOND CAUSE OF ACTION

### BREACH OF CONTRACT AND DUTIES UNDER
### CARMACK AMENDMENT AND STAGGERS RAIL ACT

38. OOCL incorporates paragraphs 1 - 37 as though fully set forth herein.

39. BNSF was, at all relevant times, a rail carrier within the meaning of the Carmack Amendment, 49 U.S.C. § 11706, *et seq.*, and 49 U.S.C. § 14706, and the Staggers Rail Act of 1980.

40. BNSF breached its duty of a rail carrier and the contracts of carriage by failing to deliver the Cargo in the same good order and condition as received.

41. By reason of the foregoing, OOCL has sustained or will sustain damages arising out of loss or damage to the Cargo in an amount to be proven at trial plus interest and costs.

## THIRD CAUSE OF ACTION

### NEGLIGENCE

42. OOCL incorporates paragraphs 1 - 41 as though fully set forth herein.

43. BNSF, directly or through its employees, agents, or independent contractors, as a common carrier of merchandise for hire, had a duty to properly stow, handle, care, and transport the Container and the Cargo from Los Angeles, California to the place of delivery.

44. BNSF failed to carry and deliver the Container and the Cargo such as was reasonably required and would have been sufficient to prevent the loss or damage to the Cargo.

45. In causing or allowing the Incident to occur and the resultant damage to the Cargo, BNSF breached its duty of reasonable care.

46. By reason of the foregoing, OOCL has sustained or will sustain damages arising out of loss or damage to the Cargo in an amount to be proven at trial plus interest and costs.

## FOURTH CAUSE OF ACTION

### BAILMENT

47. OOCL incorporates paragraphs 1 – 46 as though fully set forth herein.

48. BNSF at all relevant times acted as a carrier of goods for hire by rail and/or a bailee and/or otherwise had a duty of care for the Cargo while the same was in its custody.

49. The Cargo was personal property delivered into the possession, custody, and control of BNSF, whereby a bailment arose.

50. BNSF, through its contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the Cargo in the same condition as when it was entrusted to BNSF.

51. While the Cargo was in BNSF's possession, the Cargo was damaged and/or lost because of the Incident caused by BNSF's action or inaction.

52. BNSF breached its obligations as a carrier of goods for hire by rail and/or a bailee and failed to deliver the Cargo in as complete or as good a condition as when the same was entrusted to BNSF.

53. By reason of the foregoing, OOCL has sustained or will sustain damages arising out of loss or damage to the Cargo in an amount to be proven at trial plus interest and costs.

## FIFTH CAUSE OF ACTION
## CONTRIBUTION & INDEMNITY

54. OOCL incorporates paragraphs 1 - 53 as though fully set forth herein.

55. OOCL performed all conditions on its part to be performed under the intermodal bill of lading.

56. Any damage to the Cargo as alleged by Sompo in the New York Action flows directly from the acts and/or omissions of BNSF.

57. OOCL has and/or will deny liability with respect to any and all damage to the Cargo as alleged in the New York Action. However, if it is adjudged that OOCL is liable to the shippers, consignees, underwriters, or other parties with interests in the Cargo, including but not limited to Sompo, OOCL shall be entitled to recover from BNSF, in contribution or indemnity, all losses, damages, or expenses, including attorneys' fees, to the extent recoverable by statute or common law, as a result of the claims made by Sompo (and others with an interest in the Cargo) against OOCL.

## ALTERNATIVE SIXTH CAUSE OF ACTION

## BREACH OF CONTRACT AND DUTIES UNDER COGSA

58. OOCL incorporates paragraphs 1 - 57 as though fully set forth herein, except to the extent they are mutually exclusive of this alternative sixth cause of action.

59. BNSF was a common carrier of merchandise within the meaning of COGSA for carriage of goods by sea. As a common carrier of merchandise, BNSF had a duty to exercise reasonable care while the Cargo was in its possession and control.

60. BNSF breached its duties as a carrier under COGSA when the Cargo was lost or damaged as a result of the Incident.

61. By reason of the foregoing, OOCL has sustained or will sustain damages arising out of loss or damage to the Cargo in an amount to be proven at trial plus interest and costs.

**REQUESTED RELIEF**

**WHEREFORE**, Plaintiff Orient Overseas Container Line, Ltd. prays:

1. That judgment may be entered in favor of OOCL against Defendants BNSF Railway and Burlington Northern Santa Fe, LLC in an amount to be proven at trial (but no less than the amount, if any, recovered by Sompo against OOCL in the New York Action), together with interest and costs, and the disbursements of this action;

2. For attorneys' fees as permitted by statute and common law; and,

3. That this Court grant Plaintiff such other and further relief as may be just and proper.

DATED: April 7, 2022

Respectfully submitted,

*/s/ Trevor Illes*
Trevor Illes (6313097)
BENESCH, FRIEDLANDER, COPLAN
 & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
Facsimile: 312.767.9192 (fax)
tilles@beneschlaw.com

*Attorneys for Plaintiff Orient Overseas Container Line, Ltd.*

Of Counsel:
James H. Hohenstein
Hohenstein & Parkinson, LLP
385 South End Avenue, #5K
New York, New York 10280
Telephone: 917.873.2528
jim.hohenstein@hplawnyc.com